*156
 
 Taft, J.,
 

 concurring. I concur in the first paragraph of the syllabus; and also agree with the third paragraph of the syllabus to the extent that, by the words “such provisions,” reference is made to the provisions described in paragraph one of the syllabus. The reasons for my disagreement with the second paragraph of the syllabus are well stated in the dissenting opinion of Matthias, J. However, I do concur in the judgment for the reasons hereinafter stated.
 

 It is recognized in both the majority and dissenting opinions that the provisions of Section 6298-7, General Code, could not come into operation in the instant case except for condition 7 of the policy. That condition requires that the “insurance * * * shall comply with the provisions of the motor vehicle financial responsibility law of any state * * * which shall be applicable with respect to any such liability arising out of the * * * use of the automobile * * *
 
 to the extent of the coverage * *
 
 *
 
 required by such law *
 
 * (Emphasis mine.)
 

 At the time of this accident, neither Straus, who owned the truck and held the policy, nor Eeynolds, who was driving the truck, was “required by law” to have any liability insurance “coverage.” Under the Ohio law, no such “coverage” is “required” until after the party has been convicted-of or has pleaded guilty to certain offenses or has failed to satisfy a judgment. See Sections 6298-1, 6298-4, 6298-4a, 6298-5, 6298-6, 6298-12, and especially 6298-8 and 6298-10, General Code, in which sections the words “each person required to tender a * *
 
 *
 
 liability policy” are used.
 

 Where the registrar has made an order revoking an individual’s license to operate a motor vehicle for failure to satisfy or stay execution of a judgment, Section 6298-4, General Code (120 Ohio Laws, 659), now requires that the registrar shall vacate such order
 
 *157
 
 “upon proof that at the time the cause of action arose out of which the judgment ensued, there was in full force and effect a motor vehicle liability policy as defined in Section 6298-7 of the General Code,
 
 which policy covers the liability of such person to satisfy such judgment,
 
 and which judgment remains unsatisfied because of the failure or refusal of the insurer to comply with the terms of the * # * policy.”
 

 These provisions do not mean, as contended by plaintiff, that such coverage is “required by law” within the meaning of condition 7 of the policy at the time of the accident resulting in the judgment. They do however suggest that it might be wise for the owner or operator of a motor vehicle to have such coverage at the time of the accident.